UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT J. MOORE,             )<br>                                              )<br>            Petitioner        )<br>                                              )<br>            v.                      )          No. 3:05cv0801 AS<br>                                              )<br>ANDREW PAZERA,          )<br>                                              )<br>            Respondent     ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about December 21, 2005, *pro se* petitioner, Robert J. Moore, an inmate at the Westville Correctional Facility (WCF) in Westville, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on July 17, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the WCF in this district. He is serving a state sentence imposed by a court in Grant County, Indiana. The Court of Appeals of Indiana affirmed this petitioner's conviction on December 19, 1994. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein. The Supreme Court of Indiana denied transfer with reference to the aforesaid opinion of the Court of Appeals of Indiana on March 23,

1996.

The extensive statement of fact by the Court of Appeals of Indiana is entitled to a rebuttable presumption of correctness under 28 U.S.C. §2254(e)(1). The petitioner has the burden of rebutting that presumption of correctness by clear and convincing evidence and has not done so here. There were further proceedings in the state trial court following the decision by the Court of Appeals of Indiana. There was an effort to seek what was called alternative sentencing and a petition for post-conviction relief under state law. Both were denied. The state court of appeals dismissed the appeal from the denial of post-conviction relief as untimely on February 14, 2000. The same argument is made here under 28 U.S.C. §2244(d). *See also Artuz v. Bennett*, 531 U.S. 4 (2000).

Certainly, this petitioner is entitled to any benefits time wise under *Houston v. Lack,* 487 U.S. 266 (1988). The petition was signed December 20, 2005 and filed the next day which does not help him very much. This conviction became final June 21, 1996. *See Griffith v. Kentucky*, 479 U.S. 314 (1987). He had one year thereafter to file for federal relief under 28 U.S.C. §2254 and he did not do so. *See Gutierrez v. Schomig*, 233 F.3d 490 (7th Cir. 2000). On March 26, 1999, this petitioner filed a pro se petition for post-conviction relief in the state court. At that point, there had already been two years and 299 days of delay under AEDPA. According to the papers filed in this case, this petitioner has unsuccessfully sought permission to file a successive post-conviction petition, but that has thus far been denied. There is simply no principled way to get around the time constraints established by

2

the Congress under 28 U.S.C. §2254(d).

Therefore, this petition is **DENIED**.  **IT IS SO ORDERED**.

**DATED:**  November 21, 2006

                                                  **S/ ALLEN SHARP**
                                                  **ALLEN SHARP, JUDGE**
                                                  **UNITED STATES DISTRICT COURT**